JOSEPH GRANGER *vs.* PETER AVERY.

*Construction of grants from Massachusetts.*

The title of the government is superior to that of the aborigines.

A township bounded "easterly and northerly on Schoodiac river" carries the grant to the middle thread of the river above tide waters.

The owner of land on both sides of a river, above tide waters, owns the islands therein, to the extent of the length of his lands opposite to them.

ON REPORT.

*Trespass quare clausum,* commenced by writ dated December 16, 1854, for breaking and entering the plaintiff's close in Baileyville, in said county, "being an island in the St. Croix river called and known as Grass Island, part of lot number fourteen in Baileyville, according to the survey of B. R. Jones," and cutting and carrying off the grass, &c. The trespass was alleged to have been committed on the sixteenth day of December, 1848, and on divers days between that day and the date of the writ. The defendant pleads the general issue, and by brief statement justified the taking as agent of the state for the Passamaquoddy tribe of Indians, not only under their original title (which he claimed had never been extinguished) but also by a treaty with and conveyance from the commonwealth of Massachusetts, made September 29, 1794, by which their title was confirmed; that they have ever been in the actual possession and occupancy of the same, and that the plaintiff never was possessed of said island. Mr. Granger filed a counter brief statement, containing a general denial of the facts set up in defence and averring that he and his

predecessors in the same right had had open, notorious, exclusive, peaceable and adverse possession of the island for more than sixty years before the bringing of this action. He introduced a copy of a deed of the commonwealth of Massachusetts to William Bingham, dated January 28, 1793, and recorded September 12, 1794; and proved that township No. 7, now called Baileyville, was included in this deed; that a survey, called Benjamin R. Jones' survey, was subsequently made of the river lands and embraced lot No. 14; that the proprietors of Baileyville conveyed this lot (No. 14) to William Vance, by deed of July 13, 1834; Vance to Robinson and Granger, by deed of November 27, 1835; and that Robinson conveyed his interest to Granger, October 11, 1837. It was admitted that by virtue of these deeds, Mr. Granger owns the whole of lot No. 14, and is the riparian proprietor on the other (or New Brunswick) side of the river, opposite this island, having purchased what was known as "the Bailey rips' mills" in 1835 and 1837, (by the deeds aforesaid) and the possessory rights of Joseph and William Thornton, then in occupation of the island, claiming to own it. The sole question was whether or not Mr. Granger owned the island by virtue of his ownership of the river's banks upon both sides of it. Mr. Granger testified that nobody ever disputed his title to Grass Island, except persons claiming under the Indian agent; and the first he knew of that was when the grass was cut, under this claim, by two young men named Daggett in 1842; that he sued them for the trespass and obtained judgment and execution by default; that one other year, prior to 1848, the grass was cut by one Dewey but not removed by him, but by the witness; that from 1848 to 1854 (the time embraced in the declaration) one Michael Casey cut the grass under a claim of title derived from the defendant as Indian agent; and that in 1854 the plaintiff made a formal entry to purge this disseisin (if it amounted to one) and then brought this action, which is now submitted upon a report of the evidence to the determination of the full court.

The island is about sixteen rods wide and about sixty-five rods long, while lot 14 is only fifty rods long; so there are fifteen rods

not covered by the deed of No. 14; but Mr. Granger claimed the island by possession, as well as under these conveyances. He conceded that the deepest channel, and most current, were on the New Brunswick side, but that it was wider between the island and the western bank than from the island to the eastern bank, except at extremely low stages of the water, when the eastern channel is the wider, the American side being nearly, but not quite, dry during a severe summer drouth.

The defence put in the deed from Massachusetts to the Passamaquoddy Indians, dated September 29, 1794; not recorded till June 9, 1842. Grass island was expressly mentioned in this conveyance. The defendant also introduced copies of the land-office (in Massachusetts) plans of part of township number six, and of part of township number seven, including lot No. 14; but the decision of the cause does not render necessary any description or delineation of these plans. He also called several Indians and other witnesses to prove the Indian occupation of this island.

*J. & G. F. Granger* for the plaintiff.

If the line dividing the United States from the British provinces passes to the west of this island, the plaintiff claims it by possession and by his purchase of the Thorntons; and of course the defendant's title fails, because Massachusetts would then have nothing to convey. But if the national boundary line passes east of the island, or divides it longitudinally in the centre, then the plaintiff claims under his deeds conveying the Bingham title, as well as by the Thornton purchase and possession, as being the riparian proprietor upon each side. *Morrison* v. *Keene*, 3 Maine, 474; *Handly* v. *Anthony*, 5 Wheaton, 374; *King* v. *King*, 7 Mass., 496; *Lunt* v. *Holland*, 14 Mass., 149; *Ingraham* v. *Wilkinson*, 4 Pick., 268; *Hopkins Academy* v. *Dickinson*, 9 Cush., 545; Angell on Watercourses (sixth ed.,) §§ 44–48, *a.*; *Storer* v. *Freeman*, 6 Mass., 435; *Bradford* v. *Cressey*, 45 Maine, 9; *Canal Com.* v. *People*, 5 Wend., 423.

*C. R. Whidden* for the defendant.

The Passamaquoddy tribe of Indians, as lords of the soil, have

been for centuries the rightful occupants of the lands lying upon the St. Croix and its tributaries, including the island in controversy; and the sovereignty of the state over it was subject to this legal right of occupancy. 1 Kent's Com., (seventh ed.,) 257, 259, 276; 3 Kent's Com., 461, 468, and note.

APPLETON, C. J.   This is an action of trespass *quare clausum fregit*, for breaking and entering the plaintiff's close, called "Grass Island" situated in St. Croix river, and cutting and carrying away the grass growing thereon.   There is another count *de bonis asportatis* for taking and carrying away the hay cut upon the island.   The writ is dated December 16, 1854.   The case has just been submitted to the court for its decision.

The river St. Croix at Baileyville divides Maine from New Brunswick.   The middle thread of the river is the boundary between them, dividing Grass Island about equally.   The island is above tide waters.   The plaintiff is the admitted riparian proprietor on both sides of the river, including the island.   The plaintiff owning the lands on both sides of the river, he owns the island to the extent of the length of his lands upon it.   *Prima facie*, therefore, he makes out a case.

The defendant, as the agent of the Passamaquoddy tribe of Indians, justifies under their alleged title.

The defence rests upon an agreement, or treaty, by which the commonwealth of Massachusetts, on the twenty-ninth day of September, 1794, for a valuable consideration, assigned to the Passamaquoddy tribe of Indians, and other Indians connected with them, certain islands in the St. Croix river, among which is found Grass Island.   This agreement or treaty was recorded in the registry of deeds for Washington county on the ninth day of June, 1842.

But prior to the twenty-ninth day of September, 1794, the commonwealth of Massachusetts had by deed dated January 28, 1793, and recorded September 12, 1794, conveyed No. 7 (now Baileyville) to William Bingham, describing it as bounding westerly on

townships numbered sixteen and seventeen in the East division, easterly and northerly on Schoodiac river, &c. The Schoodiac river is called likewise the St. Croix. By this deed the grantee acquired title to the middle thread of the river. *Starr* v. *Child*, 20 Wend., 149.

It is apparent therefore that the title to Grass Island did not pass to the Indians of the Passamaquoddy tribe by the agreement made with the commonwealth of Massachusetts, because that commonwealth had already parted with its title to the same, and its deed had been duly put upon record.

The case finds that the plaintiff had the title of William Bingham to river lot No. 14, in Baileyville which is opposite Grass Island, and that he had acquired the title of William Bingham before the agreement under which the defendant justifies was even placed on record. In addition to. this the plaintiff has the possessory rights of Joseph and William Thornton, who claimed to own the island, and who were in possession. His title is perfect.

It was determined in *Penobscot Tribe* v. *Veazie*, 58 Maine, 402, that the title of the government was superior to that of the aborigines. The Passamaquoddy Indians had no title originally to this island in controversy. They acquired none by the conveyance from Massachusetts, nor have they since acquired any by adverse possession. The occasional occupation of the island by different. Indians for temporary purposes cannot constitute a title by disseisin. *Defendant defaulted.*

CUTTING, WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.